PROB 12C
(7/93)

# United States District Court

### for the

# District of Alaska

### Petition for Warrant or Summons for Offender Under Supervised Release

Name of Offender: Crim E. Alexie                    Case Number: A02-0007-05-CR (JWS)

Sentencing Judicial Officer:    John W. Sedwick, Chief U.S. District Court Judge

Date of Original Sentence:    July 9, 2002

Original Offense:    Conspiracy to Interfere With Commerce by Robbery in vioilation of 18 U.S.C. § 1951(a)

Original Sentence:    24 months imprisonment, 3 years supervised release

Date Supervision Commenced:    August 11, 2006

Asst. U.S. Attorney: Stephen Cooper            Defense Attorney: T. Burke Wonnell

---

## PETITIONING THE COURT

[X]    To issue a warrant
[ ]    To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervised release:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1 | The defendant has violated the Standard Condition of Supervision 2, "The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month," in that on December 5, 2006, the defendant failed to submit a written report to the probation officer. This violation is a Grade C violation. |
| 2 | The defendant has violated the Standard Condition of Supervision 6, "The defendant shall notify the probation officer at least ten days prior to any change of residence or employment," in that on or about November 21, 2006, the defendant changed his employment without notifying the probation officer. This violation is a Grade C violation. |
| 3 | The defendant has violated the Standard Condition of Supervision 6, "The defendant shall notify the probation officer at least ten days prior to any change of residence or employment," in that on or about November 17, 2006, the defendant changed his residence without notifying the probation officer. This violation is a Grade C violation. |

Case 3:02-cr-00007-JWS-JDR    Document 389    Filed 12/07/2006    Page 2 of 5

*Petition for Warrant or Summons*
*Name of Offender          :      Crim E. Alexie*
*Case Number              :      A02-0007-05-CR (JWS)*

4          The defendant has violated the Standard Condition of Supervision 7, "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician," in that on or about October 27, 2006, the defendant used a controlled substance, marijuana, as evidenced by a positive drug test. This violation is a Grade C violation.

5          The defendant has violated the Standard Condition of Supervision 7, "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician," in that on or about October 2, 2006, the defendant used a controlled substance, marijuana, as evidenced by a positive drug test. This violation is a Grade C violation.


U.S. Probation Officer Recommendation:

The term of supervised release should be:

        [X]      Revoked
        [ ]      Extended for _____ year(s), for a total term of _____ years.

[ ]    The conditions of supervised release should be modified as follows:



Respectfully submitted,


( **Redacted Signature**          )
_____
Charlene Wortman
U.S. Probation/Pretrial Services Officer
Date: December 7, 2006


Approved by:


**Redacted Signature**
_____
Eric D. Odegard
Supervising U.S. Probation Officer

*Petition for Warrant or Summons*
*Name of Offender*          :          *Crim E. Alexie*
*Case Number*              :          *A02-0007-05-CR (JWS)*

## THE COURT ORDERS

☒   *The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender.* The petition for supervised release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]   The issuance of a summons. The Petition for Supervised Release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]   Other:

**REDACTED SIGNATURE**

John W. Sedwick
Chief U.S. District Court Judge

*12 - 7 - 06*

Date

---

**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(I), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.
**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio,* 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge. Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

# United States District Court
### for the
# DISTRICT OF ALASKA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case Number: A02-0007-05-CR (JWS) |
| vs. | ) | DECLARATION IN SUPPORT OF PETITION |
| | ) | |
| Crim E. Alexie | ) | |

I, Charlene V. Wortman, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of Supervised Release for Crim E. Alexie, and in that capacity declare as follows:

On July 9, 2002, the defendant was sentenced in U.S. District Court for the offense of Conspiracy to Interfere with Commerce by Robbery in violation of 18 U.S.C. § 1951(a). The defendant received a sentence of twenty-four (24) months imprisonment and three (3) years supervised release. This offense involved the defendant and his co-defendants, who were all established gang members, to commit armed robbery of the Spenard Hotel in Anchorage, Alaska. The hotel was robbed twice, with the defendant committing the second robbery. The defendant and co-defendants attempted to rob the same hotel a third time; however, the attempt was unsuccessful as the victim was armed with a weapon and opened fire on the defendant. The defendant sustained serious injuries during this attempted robbery.

The defendant's term of supervised release commenced August 11, 2006, at which time the defendant reported residency in Hope, Alaska, with his father.

On October 2, 2006, the defendant submitted to a urinalysis which field tested positive for marijuana. The defendant signed an admission form admitting he had used marijuana on September 28, 2006.

On October 27, 2006, the defendant submitted to a urinalysis which field tested positive for marijuana. The defendant signed an admission form admitting he had used marijuana on or about October 12, 2006.

On October 30, 2006, the defendant was referred to substance abuse treatment.

On November 15, 2006, the probation officer received a message from the defendant's employer at a commercial cleaning service verifying that she had employed the defendant with her company.

On November 21, 2006, the probation officer contacted the defendant's employer to verify his employment status. The defendant's employer reported that she had to "let him go" due to him being unreliable.

The defendant did not report his employment status to the probation officer.

On December 1, 2006, probation officer's attempted to contact the defendant at his reported residence in Hope. The defendant's father was home and reported that the defendant had not been residing there for approximately two weeks. The defendant's father did not know where the defendant was residing but suspected it was in Anchorage. The probation officer left a letter for the defendant at this residence, in case he visited over the weekend, instructing the defendant to report to her by 4:30 p.m., December 4, 2006.

Coincidentally, the defendant had left a message for the probation officer that afternoon, stating he would report to her on December 4th or 5th, and submit to a urinalysis. Caller ID identified the phone the defendant was using as having a "727" prefix. The defendant claimed he was calling from his father's cell phone.

On December 4, 2006, the defendant left the probation officer a message stating he heard she was looking for him, he thought he had reported a new address, and he would call back. The defendant did not call back, nor did he leave an address to where he was residing.

The defendant did not report to the probation officer on December 4th or 5th, nor did he submit a written report by December 5th, as required.

On December 7, 2006, the probation officer contacted the defendant's father who reported the defendant had not used his cell phone on December 1st, as the father did not have a cell phone number beginning with a "727" prefix and he has not seen the defendant.

The defendant's whereabouts are unknown.

Executed this 7th day of December, 2006, at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

**REDACTED SIGNATURE**

Charlene V. Wortman
U.S. Probation Officer