# United States District Court
## for the
## District of Alaska

RECEIVED
JUL 2 6 2007
CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

Supplemental Petition for Warrant or Summons for Offender Under Supervised Release

| | |
|---|---|
| Name of Offender: Crim E. Alexie | Case Number: A02-0007-05-CR (JWS) |
| Sentencing Judicial Officer: | John W. Sedwick, Chief U.S. District Court Judge |
| Date of Original Sentence: | July 9, 2002 |
| Revocation Sentence: | April 5, 2007 |
| Original Offense: | Conspiracy to Interfere With Commerce by Robbery in violation of 18 U.S.C. § 1951(a) |
| Original Sentence: | 24 months imprisonment and 3 years supervised release |
| Revocation Sentence: | 90 days custody and 2 years supervised release |
| Date Supervision Re-Commenced: | June 5, 2007 |
| Asst. U.S. Attorney: John Novak | Defense Attorney: Michael Dieni |

## PETITIONING THE COURT

[X] To issue a warrant
[ ] To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervised release:

| Violation Number | Nature of Noncompliance |
|---|---|
| 3 | The defendant has violated the Standard Condition of Supervision "The defendant shall follow the instructions of the probation officer", in that the defendant failed to report to the probation officer as directed on July 20, 2007. This is a Grade C violation. |
| 4 | The defendant has violated the Special Condition of Supervision "The defendant shall reside in a halfway house for a period of 90 days....," in that the defendant absconded from the Cordova Center on or about July 24, 2007. This is a Grade C violation. |

U.S. Probation Officer Recommendation:

The term of supervised release should be:

    [X] Revoked
    [ ] Extended for _____ year(s), for a total term of _____ years.

[ ] The conditions of supervised release should be modified as follows:

Respectfully submitted,

REDACTED SIGNATURE

Michael Pentangelo
Senior U.S. Probation Officer
Date: July 24, 2007

Approved by:

**REDACTED SIGNATURE**

Eric D. Odegard
Supervising U.S. Probation Officer

THE COURT ORDERS

[X] *The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender. The petition for supervised release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.*

[ ] The issuance of a summons. The Petition for Supervised Release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ] Other:

REDACTED SIGNATURE

John W. Sedwick
Chief U.S. District Court Judge

7-24-07

Date

**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(I), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.
**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio,* 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge. Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

# United States District Court
for the
## DISTRICT OF ALASKA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case Number: A02-0007-05-CR (JWS) |
| ) | |
| vs. ) | DECLARATION IN SUPPORT OF PETITION SUPPLEMENT |
| ) | |
| Crim E. Alexie ) | |

I, Michael Pentangelo, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of Supervised Release for Crim E. Alexie, and in that capacity declare as follows:

On July 4, 2007, a Petition to Revoke Supervised Release was crafted by the probation officer alleging 2 violations of supervised release; to wit, failing to report for urinalysis and use of marijuana.

On July 5, 2007, the Court ordered the issuance of a summons for the defendant to appear before a United States Magistrate Judge for an initial appearance. The summons was effectively issued and the initial appearance scheduled for August 13, 2007 at 1:30PM.

The probation officer contacted the defendant's case manager, Jennifer Schoenhoffen, at Cordova Center to advise that a summons had been issued for the defendant to appear in Court and requested that she direct the defendant to report to the probation officer on July 20, 2007 at 2PM.

On or about July 18, 2007, the defendant contacted the probation officer telephonically and stated that he did not possess the necessary identification to obtain entrance to the U.S. Probation Office. As such, the probation officer instructed the defendant to notify a Court Security Officer (CSO) of this issue and to have that CSO contact the probation officer to facilitate access to the U.S. Probation Office.

The defendant failed to report to the probation officer as instructed on July 20, 2007. The probation officer contacted Ms. Schoenhoffen at the Cordova Center to advise of the defendant's failure to report. Ms. Schoenhoffen stated that the defendant signed out of the building and was aware of the scheduled meeting with the probation officer. According to Ms. Schoehoffen, the defendant repeatedly asked her whether he was going to be arrested at the U.S. Probation Office. At the time of the conversation, the defendant had not yet returned to Cordova Center. However, he was not necessarily considered to have absconded at that point because signed to return to Cordova later that afternoon.

On July 23, 2007, the probation officer learned from Cordova Center that the defendant indeed

returned to the center the evening of July 20, 2007. Moreover, he had obtained a job at Leroy's Restaurant and was scheduled to commence work on the evening of July 23. However, he was also signed out this same date for job search. The probation officer could not obtain a satisfactory explanation as to why. Nevertheless, the probation officer requested that Cordova Center have the defendant report to the U.S. Probation Office on July 24, 2007 at 9AM.

On the evening of July 23, 2007, the probation officer received a telephone message from Cordova Center security personnel stating that the defendant failed to show up for his shift at Leroy's as scheduled.

On July 24, 2007, the probation officer contacted Bill Sundquist at Cordova Center and learned that the defendant walked away from Cordova Center at approximately 12:45AM without permission and has not returned.

Executed this 24th day of July, 2007, at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

REDACTED SIGNATURE
_____
Michael Pentangelo
Senior U.S. Probation Officer